**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff

vs.                                                                           3:02-cr-00115-TJC-TEM

JAMAD M. ALI,

    Defendant.

_____

## ORDER

This matter is before the Court on Defendant's motion (Doc. # 331), made pursuant to 18 U.S.C. § 3006 and Rule 17(b) of the Federal Rules of Criminal Procedure, requesting that he be declared indigent for the purposes of cost and expenses relating to the service of subpoenas and travel expenses for obtaining witnesses to testify on his behalf at a hearing on his pending motion to dismiss.

Defendant's pending motion to dismiss is based on a delay in transporting Defendant from New Jersey to the Middle District of Florida for prosecution in this case. A hearing on the instant motion was held on October 18, 2007– at which, the United States argued against the motion.[1]

**I. Background Information**

Defendant was arrested on June 29, 2005 in New Jersey. Defendant's counsel alleges the arrest was based on an Indictment warrant in this case. Defendant retained his current counsel's law firm at that time. Federal charges also were filed in New Jersey,

---

[1] Defense counsel appeared telephonically from Orlando. The Defendant and prosecutor were in the courtroom.

which led to a conviction and sentence prior to Defendant being brought to the Middle District of Florida to face charges. Defendant's pending motion to dismiss concerns those events.

## II. Applicable Law and Analysis

Title 18, U.S.C. § 3006a(c), specifies that "If at any stage of the proceedings, ... the United States magistrate judge or the court finds that the person is unable to pay counsel who he has retained, it may appoint counsel ...and authorize payment ... as the interests of justice may dictate." Section § 3006a(e)(1) further authorizes counsel for a person "unable to obtain investigative, expert or other services necessary for adequate representation" to apply to the court for authorization for the services.

At the hearing regarding the instant motion, Defendant testified that he has remained in custody since his June 29, 2005 arrest and that, since he has not been able to work, he has no income or savings. Based on that uncontradicted testimony, the Court finds Defendant indigent at this time.

Concerning whether the Court should authorize payment for travel expenses for witnesses related to the hearing on the motion to dismiss under Rule 17(b), the prosecutor argued at the hearing that under *United States v. Garmany*, 762 F.2d 929 (11th Cir. 1985), a non-indigent defendant is not entitled to payment to obtain the presence of witnesses.

Although *Garmany* held that the imposition of expenses against the defendant in that case did not abridge his constitutional rights, the factual posture of the case is not controlling on the instant matter. In *Garmany*, the defendant did not seek to be declared indigent, but rather argued that the costs the United States marshals to obtain prisoner witnesses were excessive, thus inhibiting his right to compulsory process. *Id.* at 934. The

appellate court noted that the defendant had not made that argument to the district court, and further that he had not created a record of what the absent witnesses would have testified to. *Id.*

Rule 17(b), Fed.R.Cr.P., allows a defendant to obtain a court-ordered subpoena for a named witness if the defendant shows an inability to pay for the witness's fees and the necessity of the witness's presence for an adequate defense. The holding in *Garmany* is based on Rule 17(b)'s requirement of indigency and the fact that the defendant in that case made no claim of indigency.

In the instant case, Defendant argues he cannot afford to subpoena and pay the travel expenses of those law enforcement officers with knowledge of what happened in New Jersey, which led to the alleged delay in being transported to Florida, and whose presence is needed at any hearing on the motion to dismiss. Counsel for Defendant argues that witness travel expenses were not contemplated at the time his firm was retained because the delay in New Jersey had not occurred at that point, and that Defendant has been rendered subsequently indigent through his continued incarceration for more than two years.[2] Counsel further maintains that Defendant is not seeking expenses for trial witnesses, he is only seeking expenses for the hearing on the pending motion to dismiss.

---

[2] It should be noted that the charges in the case relate to controlled substances and there is a forfeiture clause in the Indictment; therefore, the Court disallowed public questioning at the hearing as to Defendant's fee arrangements with private counsel made in 2005.

Although the Defendant has made a showing of current indigency, the granting of a Rule 17(b) motion is within the discretion of this Court. *United States v. Rinchack*, 820 F.2d 1557, 1566 (11th Cir. 1987). Furthermore, a defendant making a Rule 17(b) request "bears the burden of *articulating specific facts* that show the relevancy and necessity of the requested witness's testimony." *Id.* (emphasis supplied); *see also United States v. Hegwood,* 562 F.2d 946, 953 (5th Cir. 1977), *cert. denied*, 434 U.S. 1079 (1978); *United States v. Stoker*, 522 F.2d 576, 579 (10th Cir. 1975).

Here, Defendant, at this point in time, has not articulated specific facts showing the relevancy and necessity for any named witnesses sufficient for the Court to grant his motion concerning those costs.

### III. Conclusion

Based on the testimony presented at the hearing, the Court finds that Defendant is presently indigent, thus the instant motion is **GRANTED in part and DENIED in part**.

Accordingly, it is hereby **ORDERED**:

1. Pursuant to 18 U.S.C. § 3006A(e), the Court finds Defendant **indigent for the purposes of costs pertaining solely to the hearing on the pending motion to dismiss**.

2. The Court further finds, however, that Defendant has not articulated specific facts that show the relevancy and necessity of the requested witness's testimony. Therefore, Defendant's motion concerning expenses relative to obtaining witnesses for the hearing on the motion to dismiss under Rule 17(b) is **DENIED without prejudice, pending any supplemental motion articulating specific facts that show the relevancy and necessity of the named witnesses' testimony**.

**DONE AND ORDERED** at Jacksonville, Florida this  <u>26th</u>  day of October, 2007.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge